JAMES A. KEMPSTON, as Administrator, etc., of A. LESTER KEMPSTON, Deceased, Respondent, *v.* AMERICAN MANUFACTURING COMPANY, Appellant.

First Department, February 4, 1921.

**Damages — action for wrongful death of son — father sole beneficiary — excessive verdict.**

In an action for wrongful death a verdict for $10,000 is excessive, where it appears that the plaintiff, the decedent's father, was the sole beneficiary, and that prior to the decedent's entry into the navy during the World War he was earning from thirty-six to thirty-eight dollars per week and gave a part of his wages to his mother who predeceased him, and there was no evidence of the father's age, occupation, or physical or financial condition and no evidence that after the decedent became of age he had ever contributed any amount to his father.

SMITH and PAGE, JJ., dissent.

APPEAL by the defendant, American Manufacturing Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New

York on the 1st day of May, 1920, upon the verdict of a jury for $10,000, and also from an order entered in said clerk's office on the 18th day of May, 1920, denying defendant's motion for a new trial made upon the minutes.

*Adolph F. Bruenner* of counsel [*Harry A. Talbot*, attorney], for the appellant.

*William H. Hamilton* of counsel [*Norman C. Conklin* with him on the brief; *Hamilton & Freeman*, attorneys], for the respondent.

CLARKE, P. J.:

We are satisfied that the evidence supports the verdict of the jury in favor of the plaintiff based upon its finding of negligence of the defendant and the want of contributory negligence on the part of the decedent. The only question to be discussed, therefore, is the amount of the verdict.

The plaintiff testified that the decedent was twenty-two years and seven months old at the time of his death; that he was a strongly built young man about five feet eleven inches in height, in good health and had a high school education; had never married and had enlisted in the navy; that previous to the breaking out of the war he worked in the Hunter Arms Factory, on wood work, turning and molding gun stocks. When the war broke out he went to work for the Remington Arms Company. He was an expert filer on the rear sight of rifles and his pay ranged anywhere from thirty-six dollars to thirty-eight dollars a week according to the overtime that he put in; that he used to send his mother anywhere from five, six or seven dollars a week and to his sister he would occasionally send three or four dollars; that his mother had died before the decedent enlisted; that just before he entered the navy he was pursuing the study of mechanical drawing. There was no evidence of the father's age, occupation or physical or financial condition and no evidence that after the decedent became of age he had ever contributed any amount to the father. The learned court at the commencement of the charge said: " His father, James A. Kempston, is the plaintiff in this action, and sues to recover the money value of his son's life."

Later in the charge he said: " This is a cause of action that has been created by our State Legislature. It did not exist until it was created by the Legislature, and the limitation laid down by the Legislature is, the money value of the life."

Counsel for the defendant at the close of the charge said: " I take an exception to that part of your Honor's charge, in which your Honor submitted to the jury the question of damages, on the theory that if the jury finds the other two points in favor of the plaintiff, that they are to assess damages on how much they think this boy's life is worth to the father, and I ask your Honor to charge the jury that in these cases it is the pecuniary loss which the representative has sustained." The Court: " Of course, that is what I meant. I want to emphasize that. How much the boy's life was worth to his father, in a money sense, in dollars and cents; not sentimentally, or in any other way, except the money value." Counsel for defendant: "And the pecuniary sense is figured in this way: The sums of money which the boy gave to his father during the period after majority." The Court: " You will take that evidence into consideration, together with all the other evidence in the case, in arriving at the reasonable amount." Counsel for defendant: " I ask your Honor to charge the jury that there was no duty on this boy to forward money to his parents, or to any one of his relatives." The Court: " While there may be nothing to the contrary disclosed by the evidence, that would not take away the right which the parent had under the law to be supported, under certain contingencies, by his son." Counsel for defendant: " I take an exception to your Honor's refusal to charge as requested, and to the charge as made."

The statute, section 1904 of the Code of Civil Procedure, provides: " The damages awarded to the plaintiff may be such a sum as the jury     *     *     *     deems to be a fair and just compensation for the pecuniary injuries, resulting from the decedent's death, to the person or persons, for whose benefit the action is brought."

Under subdivision 7 of section 98 of the Decedent Estate Law the father was the sole beneficiary. As the son was of age he owed no duty of contribution or support to his father except under the contingencies of old age, sickness or poverty,

of which there is no evidence in this record. While there is no mathematical or hard and fast rule to be applied in such cases, we are of the opinion that as it is provided that the recovery shall be the fair and just compensation for the pecuniary injuries resulting from the decedent's death to the beneficiary, the meagre evidence in this case upon this subject furnishes no substantial basis for the amount of the verdict.

The judgment and order appealed from should, therefore, be reversed and a new trial ordered unless the respondent consents to reduce the judgment as entered, including interest and costs, to the sum of $5,747.61; in which event the judgment as so modified and the order appealed from will be affirmed, without costs in this court.

LAUGHLIN and MERRELL, JJ., concur; SMITH and PAGE, JJ., dissent.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event, unless plaintiff stipulates to reduce the judgment as entered, including interest and costs, to the sum of $5,747.61; in which event the judgment as so modified and the order appealed from are affirmed, without costs. Settle order on notice.